Argued July 1, affirmed July 27, 1926.

## C. D. RITCHEY ET AL. *v.* F. L. TUBANDT.

(247 Pac. 1081.)

**Trial—Refusal of Instructions, in Action for Breach of Warranty in Sale of Personal Property, Held Proper Where Inapplicable to Issues Made by Pleadings or Evidence.**

1. Refusal of instructions, in action for breach of warranty, as to boiler in sale of donkey-engine, concerning prohibition of its use as steam generator by state inspector, *held* proper, since inapplicable to issues made by pleadings or evidence.

**Trial.**

2. Rule that it is error for court to refuse by instruction to eliminate count of declaration from jury's consideration, in absence of evidence tending to support its averments, *held* inapplicable, where complaint pleaded evidential matter which could have been stricken by motion.

**Trial.**

3. Instructions based on evidence which court has properly excluded should be refused.

---

1. See 14 R. C. L. 784.
3. See 14 R. C. L. 790.

Trial—Instruction That Seller Making Representations must Know
     Whether Such Warranty or Representations are True Held
     not Error, When Considered with Other Instructions, Though
     Terms are not Synonymous.

4. Instruction that seller making representations must know
whether such warranty or representations are true, and that buyer
relying thereon can hold seller liable if warranty fails or repre-
sentations are untrue, *held* not error, in action for breach of war-
ranty, in view of other instructions, notwithstanding "warranty"
is more inclusive than "representation."

Appeal and Error.
5. Jury's determination of questions of fact is conclusive on
appeal.

---

Trial, 38 Cyc., p. 1613, n. 16, p. 1624, n. 59, p. 1779, n. 75.

From Polk: H. H. BELT, Judge.

Department 2.

The defendant appeals from a judgment for dam-
ages recovered in an action for the alleged breach
of an express warranty relating to the condition of
a steam donkey-engine sold by defendant to plain-
tiffs. In substance, the plaintiffs, complaining of the
sale made to them by defendant of the donkey-en-
gine involved herein, aver, among other things, that,
as an inducement held out to them by defendant to
effect a sale of the engine, defendant designedly and
falsely represented and pretended to them that the
engine was in good working order and condition;
that, in making the purchase of the engine, they re-
lied upon the statements, representations and war-
ranties made by defendant to them as to the condi-
tion and character of the boiler of the engine, which
the defendant represented and warranted to be safe
and in good working order, whereas, in truth and in
fact, such representations were false and fraudulent,
in that the boiler of the engine had been rendered

---

5. See 2 R. C. L. 193.

unsafe by a crack that could not be welded and which rendered the boiler valueless. Plaintiffs averred that they had been damaged in the sum of $800. These allegations were put in issue by defendant. The jury returned a verdict for plaintiffs in the sum of $800. The defendant appealing, asserts that the court erred in refusing to give two certain instructions requested by him, and in giving another instruction contained in the general charge to the jury.    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Smith & Shields* and *Messrs. Fletcher & Ellis,* with an oral argument by *Mr. Roy F. Shields.*

For respondents there was a brief and oral argument by *Mr. Oscar Hayter.*

BROWN, J.—1. The first requested instruction refused by the court reads:

"I instruct you that the fact, if it is a fact, that an inspector from the factory inspection department of the Bureau of Labor of the State of Oregon inspected the boiler in question and made a report thereon forbidding the use of said boiler as a steam generator would not, as a matter of law, prohibit use of said boiler as a part of such donkey engine for the purpose of logging operations."

While the foregoing may be a correct statement of abstract law, it has no application to the material issues made by the pleadings or by the evidence.

2. The second instruction refused by the court is in the same category. It reads: '

"I instruct you that there is no evidence in this case from which a court can declare as a matter of law that the further use of the boiler in question has

been officially forbidden by any valid official act of any officer of the state of Oregon."

Under "Points and Authorities," the defendant cites 38 Cyc. 1621, wherein it is said:

"It is error to refuse to eliminate an issue made by the pleadings when there is no evidence to support it."

The text is supported by the case of *Chicago City R. Co.* v. *Reddick,* 139 Ill. App. 160. That case is authority for the proposition that it is error for the court to refuse by instruction to eliminate a count of a declaration from the consideration of the jury where there is no evidence tending to support the averments of such count. The complaint in the cause at issue undertook to plead certain evidential matter, which could have been pruned from the pleadings at the proper time by a proper motion. However, the defendant made no request to eliminate any portion of the complaint at any time.

3. It is a rule of general application that instructions should be predicated upon the issues made by the pleadings and the competent evidence pertaining to such issues adduced at the trial: 1 Randall's Instructions to Juries, § 121. It is also a rule that instructions based on evidence which the court has properly excluded should be refused: 1 Randall's Instructions to Juries, § 139.

4. The defendant asserts that the court erred in giving the following instruction:

"You are instructed that, as a matter of law, when a seller of personal property gives a warranty or makes representations in respect to the kind or quality of the property sold, he is bound to know whether as a matter of fact his warranty or representations are true, and that, if the buyer buys from him upon

the strength of such representations or warranty, he has a right to hold the seller responsible and accountable if such warranty fails or such representations are untrue. It is the duty of a person making representations as to the kind and quality of goods to ascertain and know whether such warranty or represrentations are true or not.''

In substance, this instruction is taken from *McCade* v. *Desnoyers,* 20 S. D. 581 (106 N. W. 341), and is found in 5 Randall's Instructions to Juries, § 4691 (10).

The defendant asserts that the terms ''warranty'' and ''representation'' are not synonymous. In this we concur. The former term is more inclusive than the latter. However, the instructions to the jury must be taken as a whole and considered as such. The court charged the jury plainly and emphatically that this was an action based upon the alleged breach of an express warranty in the sale of a donkey-engine. As to what constitutes a warranty, the court instructed the jury in language following:

''No particular words or form of expression is necessary to create a warranty, nor need the word 'warranty' be used. If the representation is positive and relates to a matter of fact, and not to an expression of an opinion, and the other party receives the statement as true, and relies and acts on it in making a purchase, such representation will constitute a warranty.''

The court further told the jury:

''As I have stated to you, this case is based upon the theory of an express warranty, and it must therefore stand or fall upon that theory.''

5. The issues involved herein presented a question of fact for the trial jury, and the determination

made by that body is conclusive. This case is affirmed.                  AFFIRMED.

McBRIDE, C. J., and BEAN, J., concur.

COSHOW, J., sat but took no part in this opinion.

BELT, J., did not participate in the hearing or consideration of the case.